IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORI BERNARD WILPRIT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:22-CV-00452-K |
| | § | |
| CAPITAL ONE BANK USA, N.A. and | § | |
| CAPITAL ONE, N.A., | § | |
| | § | |
| Defendants. | § | |

## ORDER

United States Magistrate Judge Rebecca Rutherford made findings, conclusions, and a recommendation in this case. Doc. No. 62. Plaintiff Lori Bernard Wilprit filed objections. Doc. No. 63. The Court reviewed those portions of the proposed findings, conclusions, and recommendation to which objection was made to determine whether they are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); *Boone v. Dandy B Logistics LLC*, 2021 WL 2784298, at *1 (N.D. Tex. Jan. 7, 2021) (Brown, J.). Finding no clear error or determinations contrary to law, the Court **ACCEPTS** Judge Rutherford's findings, conclusions, and recommendation. Ms. Wilprit's objections are **OVERRULED**. The Court **GRANTS** Defendants Capital One Bank USA, N.A. and Capital One, N.A.'s (collectively, "Capital One") Renewed Motion to Transfer Venue, Doc. No. 34, and **TRANSFERS** this case to the United States District Court for the Eastern District of Virginia, Alexandria Division.

1

In reviewing the findings, conclusions, and recommendation in this matter, the Court has considered documents submitted by Ms. Wilprit in support of her objections that are the subject of pending motions. Doc. No. 65. Capital One moved to strike the documents. Doc. No. 71. Ms. Wilprit filed a motion to seal the documents but expressed "no interest in sealing" them, leaving Capital One to press the motion. Doc. No. 65 at 3. It did so in part. Having considered Capital One's motions to strike and seal, the documents at issue, and the parties' briefing, the Court **DENIES** the motion to strike, Doc. No. 71, **GRANTS** the motion to seal in part, and **DENIES** the motion to seal in part. Doc. No. 65. The Court briefly discusses the motion to strike and the motion to seal below.

### I.   MOTION TO STRIKE

Capital One's motion to strike is essentially an alternative to its motion to seal. Capital One expresses little concern about the evidentiary value of the documents filed by Ms. Wilprit, instead complaining about having to "review all 685 pages . . . to determine what is appropriate for sealing." Doc. No. 71 at 5. It focuses on three exhibits that total 683 pages, asking the Court to strike all of them because their disclosure purportedly violates protective orders entered by other courts two related cases, *Young v. Capital One Bank USA, N.A.*, No. 22-cv-00647 (N.D. Tex.) (Lynn, J.) and *Welch v. Capital One Bank USA, N.A.* No. 22-cv-00031 (E.D. Tex.) (Crone, J.). *Id.* at 4, 6. It also asks the Court to strike the same documents, or the portions of them

Ms. Wilprit does not cite, as unnecessary filings under Local Civil Rule 5.2(d). *Id.* at 4–6.

The Court will leave the enforcement of the protective orders entered in *Young* and *Welch* to the courts that issued them. While courts have sometimes declined to consider evidence disclosed in violation of other courts' protective orders, *e.g.*, *Smith v. BP Expl. & Prod. Inc.*, 2023 WL 4993269, at *4 (E.D. La. July 24, 2023), the circumstances of this case do not favor an exercise of that power. Capital One has not quoted the language of the protective orders on which it relies or attempted to show that the language covers the material Ms. Wilprit filed. It also does not address whether both protective orders remain in effect. Judge Lynn transferred the *Young* case to the Eastern District of Virginia, where it appears to have terminated. *Young v. Capital One Bank USA, N.A.*, No. 22-cv-01326 (E.D. Va.) (Giles, J.).

In the absence of briefing, the Court is particularly reluctant to seek out the protective orders and interpret them because of the severity of the relief Capital One requests. As Ms. Wilprit notes, only a tiny fraction of the three exhibits challenged by Capital One contains material designated confidential under the protective orders, and this is the material Capital One says she should not have disclosed. Doc. No. 71 at 3; Doc. No. 76 at 1–4; Doc. No. 65-1 at 6, 212; Doc. No. 65-2 at 109, 113, 165, 169; Doc. No. 65-3 at 110, 114, 272, 276. Capital One nonetheless asks the Court to strike the exhibits in their entirety. Doc. No. 71 at 3, 6. Without additional context in the briefing, the Court views that as disproportionate relief. The Court expresses no

3

opinion about whether Ms. Wilprit violated the *Young* or *Welch* protective orders or how the issuing courts should enforce them.

The Court also will not strike Ms. Wilprit's evidentiary submission under Local Civil Rule 5.2(d). The Court has discretion to decline to strike documents for failure to comply with local rules. *Veranda Assocs., L.P. v. Hooper*, 496 F. App'x 455, 458 (5th Cir. 2012) (per curiam); *Washington v. M. Hanna Const. Inc.*, 299 F. App'x 399, 401 (5th Cir. 2008) (per curiam). Rule 5.2(d) states that, "[w]hen discovery materials are necessary for consideration of a pretrial motion, a party shall file only the portions of discovery on which that party relies to support or oppose the motion." In relevant part, Ms. Wilprit filed three documents, each of which is the complete record of a deposition, including transcript and exhibits. She provided the Court with pinpoint citations to each record in her objections to the findings, conclusion, and recommendation of Judge Rutherford. Doc. Nos. 63, 65. Assuming it was improper for her to file the complete records rather than excerpts, the Court does not believe that striking the records, in whole or in part, is necessary to correct the error. This is not a case in which the plaintiff filed documents on which she did not rely simply to embarrass the defendant, nor is it a case in which the plaintiff filed voluminous exhibits in the expectation that the Court would sift through them without the aid of precise citations. *Cf. Edwards & Assocs., Inc. v. Atlas-Telecom Servs.-USA, Inc.*, 2007 WL 30256, at *5 (N.D. Tex. Jan. 4, 2007) (Fish, C.J.).

II. **MOTION TO SEAL**

Turning to Capital One's motion to seal Ms. Wilprit's exhibits, the Court finds that most of the proposed sealing is unwarranted. The common law gives the public presumptive access to the judicial records of this Court. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). When a party seeks to seal information contained in judicial records, the Court must conduct a line-by-line review of the records to determine as to each item of information whether the interests favoring nondisclosure outweigh the public's right. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). The Court will seal an item of information only if those interests are weighty and specific. *See IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 411–12 (5th Cir. 2023).

Capital One's motion contains two distinct sealing requests. The first is sweeping and would result in the sealing of the "vast majority" of the material filed by Ms. Wilprit. Doc. No. 73 at 3–4. The second is narrow and would result in the sealing of Capital One's source code and testimony describing it in detail. *Id.* at 5–6. The Court largely rejects the first request but accepts the second.

A. **First Sealing Request**

The reasons for Capital One's broader sealing request sound appealing but do not stand up to scrutiny. Capital One asks the Court to seal material filed by Ms. Wilprit to "comply with the directives given by [the *Young* and *Welch*] courts." Doc. No. 73 at 5. It represents that the *Welch* court is considering a request to seal some of

5

this material and that the *Young* and *Welch* courts have sealed much of the remaining material. *Id.* at 4–8. While there is some law supporting Capital One's request, there are few facts to back it up.

    i.  <u>Legal Standard</u>

As a matter of comity, the sealing decisions of other district courts deserve consideration. *See United States v. Sater*, 2019 WL 3288389, at *4 (E.D.N.Y. July 22, 2019) (citing *Doe v. Lerner*, 688 F. App'x 49, 50–51 (2d Cir. 2017) (per curiam)); *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2 (N.D. Cal. June 6, 2023). The degree of consideration depends on the degree of similarity between the issues decided and the issues before the Court. Another district court's decision generally carries little weight unless the party relying on it can show that three conditions are satisfied. First, the party must show that the other court sealed the substantially the same documents the party seeks to seal in this Court. *See Glob. Indus. Inv. Ltd. v. 1955 Cap. Fund I GP LLC*, 2022 WL 6282723, at *2 (N.D. Cal. Sept. 23, 2022). Second, the party must show that the other court applied the same legal standard this Court must apply. *See In re Oh*, 2023 WL 7004962, at *6 (N.D. Tex. Oct. 24, 2023) (Horan, M.J.). Finally, the party must show that the factual and procedural circumstances in which the other court sealed the documents are analogous to the circumstances before this Court insofar as they affect the interests favoring and disfavoring public access to the documents. *See In re Qualcomm Inc. Sec. Litig.*, 2020 WL 4581643, at *1 (S.D. Cal. July 24, 2020).

ii. <u>Material Provisionally Lodged Under Seal</u>

Most of Capital One's sealing request founders on the first condition because no other court has considered the majority of the request. Capital One's assertion that the *Young* and *Welch* courts sealed the same material it asks this Court to seal is misleading. Doc. No. 73 at 5. The *Young* court never ordered any of the material sealed. Capital One simply filed some of the material under seal, and the *Young* court never ruled on its sealing motion. As Capital One admits, the same is true of most of the relevant material that is under seal in the *Welch* court. *Id.* at 4. The Court sees no reason to defer its decision on Capital One's sealing request simply because it filed similar requests with other courts. *Puglia Eng'g, Inc. v. BAE Sys. Ship Repair*, 2017 U.S. Dist. LEXIS 233130, at *7 (N.D. Cal. Mar. 22, 2017).

Having reviewed the material subject to unresolved sealing motions in *Young* and *Welch*, the Court finds that there is no basis for sealing most of it. The material overwhelmingly consists of prosaic testimony and documentary evidence describing how Capital One enrolled users in its electronic "CreditWise" credit monitoring service and how users would have accessed the service at various points in time. Doc. No. 65-1 to -3. With few exceptions, Capital One does not assert that it has a concrete interest in keeping this information from the public, and no interest is readily apparent. It appears that most of the information would be known to users of Capital One's CreditWise service or obvious to other firms offering similar services. *See Lin v. DISH Network LLC*, 2022 WL 20542920, at *3 (E.D.N.Y. Nov. 22, 2022). Aside from

7

information concerning Capital One's source code discussed in Section II.B, the Court will not seal any of it.

    iii. <u>Material Ordered Sealed</u>

Capital One again misleads when it says that the *Welch* court already sealed the remaining material it wants this Court to seal. Doc. No. 73 at 4–5. The material in question consists of the declaration of a Capital One employee, Amshuman Ramachandran, and the exhibits attached to it. *Id.* While Judge Crone did seal a few of the exhibits in *Welch*, she never sealed the declaration. The Court will follow Judge Crone in sealing nonpublic portions of the exhibits, but it otherwise refuses to seal the exhibits or the declaration.

The Court begins with the materials that it cannot seal. These include exhibit slipsheets. They also include exhibits that Capital One concedes are accessible to the public. Doc. No. 73 at 4 n.3; Doc. No. 65-2 at 97–105, 140–148, 153–161; Doc. No. 65-3 at 98–106, 247–255, 260–268. The Court adds to the list the text of Mr. Ramachandran's declaration and accompanying information about his electronic signature, which have been publicly accessible on the *Welch* docket for nearly two years. Doc. No. 65-2 at 80–92, 126–138; Doc. No. 65-3 at 81–93, 233–45. As a corollary, the Court will not seal any portions of the declaration's exhibits that contain information substantially disclosed in the declaration's public text. Doc. No. 65-2 at 107, 109, 111, 113, 115–16, 118–19, 121–22, 124–25, 163, 165, 167, 169, 171–72, 174–75, 177–78, 180–81; Doc. No. 65-3 at 108, 110, 112, 114, 116–17, 119–20, 122–

8

23, 125–26, 270, 272, 274, 276, 278–79, 281–82, 284–85, 287–88; *June Med.*, 22 F.4th at 520.

This leaves Capital One's source code, which the Court discusses in the next section, and portions of the exhibits containing the *Welch* plaintiffs' nonpublic CreditWise account numbers, physical addresses, and credit pull history. Doc. No. 65-2 at 107, 109, 111, 113, 115–16, 118–19, 121–22, 124–25, 163, 165, 167, 169, 171–72, 174–75, 177–78, 180–81; Doc. No. 65-3 at 108, 110, 112, 114, 116–17, 119–20, 122–23, 125–26, 270, 272, 274, 276, 278–79, 281–82, 284–85, 287–88. The Court defers to Judge Crone's decision to seal the latter information. Her decision addresses the same documents submitted by Ms. Wilprit, she issued it in the context of a motion to transfer very similar to the one before this Court, and she was bound to apply the same Fifth Circuit precedent that binds this Court. No persuasive reason to disturb that decision is apparent from the face of the exhibits.

The Court recognizes that it previously unsealed a record disclosing Ms. Wilprit's physical address and part of her credit pull history. *See* Doc. No. 44; Doc. No. 45 at 24–27. It nevertheless believes that sealing the *Welch* plaintiffs' records is consistent with its earlier decision. The *Welch* plaintiffs are not parties to this action. For that reason, the public's interest in knowing their account numbers, physical addresses, and credit pull history is less than its interest in viewing Ms. Wilprit's records in this case. Only Ms. Wilprit's interactions with Capital One are material to the requests for relief before the Court. *See Carter v. Sw. Airlines Co.*, 2022 WL 283025,

at *2–6 (N.D. Tex. Jan. 31, 2022) (Starr, J.) (sealing personal information of nonparties with limited relevance to the issues before the court); *Trans Tool, LLC v. All State Gear Inc.*, 2022 WL 608945, at *8 (W.D. Tex. Mar. 1, 2022) (similar); *Activision Publ'g, Inc. v. EngineOwning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (sealing nonparty consumer account information and related account activity information).

For similar reasons, the Court seals the CreditWise account number, physical address, and credit pull history of the *Young* plaintiff, which neither this Court nor Judge Crone has previously reviewed. Doc. No. 65-1 at 212, 216.

### B. Second Sealing Request

The Court also grants Capital One's narrower request to seal an excerpt of the source code it uses for its credit monitoring service along with testimony describing that code in detail. Doc. No. 65-1 at 199–200; Doc. No. 65-2 at 38, 40–41, 43–46, 94–95, 150–51; Doc. No. 65-3 at 95–96, 257–58. The Court previously sealed the source code and adheres to its decision. Doc. Nos. 44, 46.

### III. CONCLUSION

The Court **ACCEPTS** Judge Rutherford's findings, conclusions, and recommendation, Doc. No. 62, and **OVERRULES** Ms. Wilprit's Objection thereto. Doc. No. 63. The Court **GRANTS** Capital One's Renewed Motion to Transfer Venue, Doc. No. 34, and **TRANSFERS** this case to the United States District Court for the Eastern District of Virginia, Alexandria Division.

The Court **DENIES** Capital One's motion to strike.  Doc. No. 71.  The Court **GRANTS** Capital One's motion to seal in part and **DENIES** it in part.  Doc. No. 65.  Within ten days of the entry of this order, Ms. Wilprit **SHALL FILE** on the public docket a copy of her sealed appendix to her objections, Doc. No. 65, **redacting** only:

- The following material containing or summarizing source code:
    - Appendix pages 201–02, 310–11, 366–67, 492–93, and 654–55 (Doc. No. 65-1 at 199–200; Doc. No. 65-2 at 94–95, 150–51; Doc. No. 65-3 at 95–96, 257–58);
    - Appendix page 254 (Doc. No. 65-2 at 38), lines six through nineteen;
    - Appendix page 256 (Doc. No. 65-2 at 40), lines six through fifteen;
    - Appendix page 256 (Doc. No. 65-2 at 40), line twenty-five, through appendix page 257 (Doc. No. 65-2 at 41), line twenty-five;
    - Appendix page 259 (Doc. No. 65-2 at 43), line fourteen, through appendix page 260 (Doc. No. 65-2 at 44), line eight;
    - Appendix page 260 (Doc. No. 65-2 at 44), line twenty-three, through appendix page 262 (Doc. No. 65-2 at 46), line twenty-three;
- The following material containing nonparties' CreditWise account numbers and physical addresses:

11

- o The first, eighth, ninth, tenth, eleventh, and twelfth rows of the tables on appendix pages 214, 323, 325, 327, 329, 379, 381, 383, 385, 505, 507, 509, 511, 667, 669, 671, and 673 (Doc. No. 65-1 at 212; Doc. No. 65-2 at 107, 109, 111, 113, 163, 165, 167, 169; Doc. No. 65-3 at 108, 110, 112, 114, 270, 272, 274, 276); and

- The following material containing nonparties' credit pull history:
  - o The rows preceding the row containing the term "LGIN_DT" in the tables on appendix pages 216, 331–32, 334–35, 337–38, 340–41, 387–88, 390–91, 393–94, 396–97, 513–14, 516–17, 519–20, 522–23, 675–76, 678–79, 681–82, and 684–85 (Doc. No. 65-1 at 214; Doc. No. 65-2 at 115–16, 118–19, 121–22, 124–25, 171–72, 174–75, 177–78, 180–81; Doc. No. 65-3 at 116–17, 119–20, 122–23, 125–26, 278–79, 281–82, 284–85, 287–88).

Because Ms. Wilprit has already filed some portions of her sealed appendix with redactions, the Court advises her that she must not remove those redactions since the Court has been unable to view the redacted material.

**SO ORDERED.**

Signed March 11th, 2024.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE